IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXX, INC., <br><br> Plaintiff, <br><br> v. <br><br> KIMCARTER.COM, LLC, et al., <br><br> Defendants, <br> ———————————————/ <br> AND RELATED COUNTERCLAIMS AND THIRD-PARTY CLAIMS <br> ———————————————/ | No. C-09-491 MMC <br><br> **ORDER GRANTING IN PART AND DENYING IN PART COUNTERDEFENDANT AND THIRD PARTY DEFENDANT'S MOTION TO DISMISS** |

Before the Court is plaintiff/counterdefendant Alexx, Inc. and third-party defendant Sandra Stein's (collectively, "Alexx") motion, filed March 11, 2009, to dismiss Counts II through VI and Count VIII of defendant/counterclaimant/third-party plaintiff Kimcarter.com LLC's ("Kimcarter") Counterclaim and Third-Party Complaint ("Counterclaim"). Kimcarter has filed opposition, to which Alexx has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision thereon, hereby VACATES the hearing scheduled for April 24, 2009, and rules as follows.

1. Contrary to Kimcarter's argument, Count II of the Counterclaim ("Breach of Implied Covenant of Good Faith and Fair Dealing") is subject to dismissal. First, "no covenant of good faith and fair dealing can be implied" that forbids "acts and conduct authorized by the express provisions of the contract." See Carma Developers (Cal.), Inc. v.

Marathon Dev. Cal., Inc., 2 Cal. 4th 342, 374 (1992) (internal quotation and citation omitted). Here, three of the four allegations contained in Count II describe conduct expressly permitted by the parties' Non-Exclusive Sales Representative Agreement ("Agreement").[1] (See Counterclaim ¶ 34(A) (alleging Alexx terminated Agreement without "cause"); id. ¶ 34(D) (alleging "purported cause" for termination was "pretext"); Compl. Ex. 1 (Agreement) § 9 (providing Agreement "may be terminated by [Alexx] at any time without Cause" on "thirty (30) days advance written notice"); Counterclaim ¶ 34(C) (alleging Alexx "misappropriat[ed]" Kimcarter's "customer list"); Agreement § 9 (providing "[u]pon termination of this Agreement, [Alexx] or its representative(s) may continue to sell Product to [Alexx] customers previously referred by [Kimcarter]"); id. § 5.2 (providing Kimcarter "shall forward all customer orders to [Alexx]").) Second, conclusory allegations, unsupported by facts, are insufficient to state a claim. See Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992). Here, the remaining allegation in Count II is wholly conclusory. (See Counterclaim ¶ 34(C) (alleging Alexx "manipulat[ed] and abus[ed] its patent on the Purse Clip").)

    2. Contrary to Alexx's argument, Count III of the Counterclaim ("Intentional Interference with Contracts") is not subject to dismissal. "The elements which a plaintiff must plead to state the cause of action for intentional interference with contractual relations are (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." See Quelimane Co. v. Stewart Title Guar. Co., 19 Cal. 4th 26, 55 (1998). Here, Kimcarter has adequately pled each of the above-referenced elements. (See Counterclaim ¶¶ 38-43); see also Quelimane, 19 Cal. 4th at 55 (holding "it is not

---

[1] Although the Agreement is not attached to the Counterclaim, it is attached to the complaint, its authenticity is not contested, and it is necessarily relied upon by the Counterclaim. See Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998) (holding "a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the [ ] complaint necessarily relies").

2

necessary that the defendant's conduct be wrongful apart from the interference with the contract itself"). Further, Kimcarter has not alleged Alexx was a party to the contracts with which Alexx is alleged to have interfered, and, consequently, the Court cannot find, on the face of the Counterclaim, that Count III is subject to dismissal on the ground that "the tort cause of action for interference with a contract does not lie against a party to the contract." See Allied Equip. Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 514 (1994).

3. Contrary to Kimcarter's argument, Count IV ("Intentional Interference with Prospective Economic Advantage") and Count V ("Negligent Interference with Prospective Economic Advantage") of the Counterclaim are subject to dismissal. In particular, Kimcarter's allegation that after Alexx's termination of the parties' Agreement, Alexx "threatened and coerced potential customers and suppliers of Kimcarter to not do business with Kimcarter or suffer the same fate" (see Counterclaim ¶ 48) does not suffice to allege Alexx engaged in an "independently wrongful act," as required to state a claim for intentional interference with prospective economic advantage,[2] see Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1158-59 (2003) (holding "an act is independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard"); see also A-Mark Coin Co. v. Gen. Mills, Inc., 148 Cal. App. 3d 312, 324 (1983) (noting "in the absence of prohibition by statute, illegitimate means, or some other unlawful element, a defendant seeking to increase his own business may . . . refuse to deal with third parties unless they cease dealing with the plaintiff") (internal quotation and citation omitted).

4. Contrary to Kimcarter's argument, Count VI of the Counterclaim ("Common Law Unfair Competition") is subject to dismissal. The elements of a cause of action for common law unfair competition under California law are: "(1) that [plaintiff] had invested substantial time, skill or money in developing its property; (2) that [defendant] had appropriated and used [plaintiff's] property at little or no cost; (3) that [defendant's] appropriation and use of

---

[2] Neither party makes any argument in support of or in opposition to dismissal of Count V separate from those made in connection with Count IV.

3

[plaintiff's] property was without authorization or consent of [plaintiff]; and (4) that [plaintiff] could establish that it has been injured by [defendant's] conduct." See City Solutions Inc. v. Clear Channel Commc'ns, Inc., 365 F.3d 835, 842 (9th Cir. 2004). Here, the conduct on which Count VI is based, to the extent such conduct is pleaded other than in purely conclusory terms, was authorized by the parties' Agreement. (See Counterclaim ¶ 59 (alleging unfair competition by "selling Purse Clips to Kimcarter's customers and former customers"); Agreement § 9 (providing "[u]pon termination of this Agreement, [Alexx] or its representative(s) may continue to sell Product to [Alexx] customers previously referred by [Kimcarter]").)

     5. Contrary to Kimcarter's argument, Count VIII of the Counterclaim ("Sherman Act § 2 Claims") is subject to dismissal, for the reason that Kimcarter has failed to allege an injury to competition, as required under § 2 of the Sherman Act, as opposed to an injury to Kimcarter itself. (See Counterclaim ¶ 70 (alleging wrongful acts to "strip Kimcarter of the sales efforts and economic gains and benefits Kimcarter has achieved")); McGlinchy v. Shell Chem. Co., 845 F.2d 802, 811-12 (9th Cir. 1988) (holding plaintiffs failed to state claim where plaintiffs "failed to allege the requisite antitrust injury to competition that is required under both sections 1 and 2 of the Sherman Act").

## CONCLUSION

For the reasons stated above:

1. To the extent Alexx seeks dismissal of Counts II, IV, V, VI, and VIII of Kimcarter's Counterclaim, Alexx's motion is hereby GRANTED.

2. In all other respects, Alexx's motion is hereby DENIED.

To the extent Kimcarter may be able to cure any of the above-noted deficiencies, the Court will afford Kimcarter an opportunity to file an amended counterclaim and third-party complaint. Any such amended pleading shall be filed no later than May 22, 2009.

**IT IS SO ORDERED.**

Dated: April 21, 2009

                                            MAXINE M. CHESNEY
                                            United States District Judge